1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
TERRENCE HOLLEY,

                Plaintiff.

    -against-

THE CITY OF NEW YORK and
DETECTIVE RAYMOND LOW,
SERGEANT KING, and
POLICE OFFICERS JOHN DOE
AND JANE DOE,
Individually and in their Official Capacities,

                Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff, TERRENCE HOLLEY, by and through his attorneys, **Bernstein & Clarke, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, TERRENCE HOLLEY, seeks relief for defendants' violations, under color of state law, of his rights, privileges and immunities secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and the Constitution and laws of the State of New York.

2. Defendants, the City of New York and New York City Detective Raymond Low, Sergeant King, Police Officers John Does and Jane Does; individually and, as the case may be, in their official capacities, jointly and severally, did cause plaintiff TERRENCE HOLLEY to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, and malicious prosecution, causing his loss of liberty and mental injury.

2

3. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorney's fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## TRIAL BY JURY

8. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

3

**PARTIES**

9.  At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

10.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

11.  At all times relevant to this action, Defendants New York City Detective Raymond Low, Sergeant King, Police Officers John Does and Jane Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

12.  At all times relevant hereto and in all their actions described herein, the Defendants New York City, Detective Raymond Low, Sergeant King, Police Officers John Does and Jane Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

13.  NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

**FACTS**

14.  Mr. Holley is an African American male.

15. On September 6, 2014, at approximately 7:00 p.m. Mr. Holley arrived at his mother's home, located at 480 St. Nicholas Avenue, New York, New York.

4

16. His mother had recently suffered a stroke and he went there that evening to care for her. While at his mother's home he fed her, attended to her personal needs, and cleaned her home.

17.   Mr. Holley left his mother's home at approximately 8:30 p.m., and traveled towards his friend's home located at 2101 Madison Avenue. Mr. Holley and his friends had planned to attend a concert that night.

18. While walking towards his destination, Mr. Holley did not engage in any unlawful or suspicious conduct at anytime.

19. As Mr. Holley was walking east on East 132nd Street, towards 2101 Madison Avenue, Mr. Holley observed an unmarked van make a U-turn.  The van then stopped, approximately four individuals, whom Mr. Holley later learned to be undercover police officers, exited the vehicle.

20.  Without identifying themselves, all four individuals grabbed Mr. Holley. Two individuals grabbed a hold of his lower body, while two other individuals grabbed his arms and restrained him. A male officer then handcuffed Mr. Holley and told him he was going to be identified. Mr. Holley was then placed in a van. It was at that point, that Mr. Holley was finally told he was under arrest. Mr. Holley asked numerous times why was he being arrested and no one provided him with an answer.

21. Mr. Holley was then transported to the 25th NYPD precinct where he spent the night.

22. The next morning, Mr. Holley was then transported to Manhattan Central Booking, where he remained until he was arraigned.

23. After being wrongfully detained for approximately 24 hours, Mr. Holley appeared before a judge and was arraigned on one count of Criminal Sale of a Controlled substance in the Third Degree in violation of P.L. § 220.39(1).

5

24. Mr. Holley later found out he had been arrested for allegedly selling drugs to a separately charged defendant Rhonda Randle at 12 East 132nd Street at 9:05 pm.

25. Mr. Holley did not and does not now know any one by the name Rhonda Randle.

26. That evening Mr. Holley did not speak to anyone while en route to 2101 Madison Avenue.

27. At no time that evening, did Mr. Holley hand any object to anyone while en route to 2101 Madison Avenue or while near the vicinity of 12 East 132nd Street.

28. Mr. Holley did not make any physical contact of any kind with any individuals while he was en route to 2101 Madison Avenue or while in the vicinity of 12 East 132nd Street.

29. At Mr. Holley's arraignment, bail was set in the amount of 50,000 dollars insurance company bond or 10,000 cash. The matter was adjourned until September 12, 2014 for the District Attorney to present Mr. Holley's case to the Grand Jury.

30. As Mr. Holley could not afford to pay his bail, he was imprisoned at DOC until his next court date on September 12, 2014.

31. On September 12, 2014, the District Attorney's office did not present Mr. Holley's case to the Grand Jury, but rather consented to the release of Mr. Holley pursuant to C.P.L § 180.80.

32. On January 6, 2015 the charges against Mr. Holley were dismissed and sealed at the request of the District Attorney's office.

33. As a result of this arrest, Mr. Holley experienced psychological and emotional distress.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**
**(General Allegations, Fourth, Fifth and Fourteenth Amendments)**

6

34. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

35. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

36. All of the aforementioned acts deprived the PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of her person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that wrongful detention being without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

37. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

7

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

41. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
### FALSE ARREST

42. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

44. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

45. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.

8

### THIRD CLAIM FOR RELIEF:
### FALSE IMPRISONMENT

46. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

48. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

49. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50. By the actions described above, the defendants maliciously and without probable cause, prosecuted Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the United States and the State of New York.

51. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

9

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

52. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

54. Prior to September 6, 2014, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons in NYC, which caused the violation of Plaintiff's rights.

55. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

56. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, false imprisonment, malicious prosecution, assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

57. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

10

58.  The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

59.  The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

60.  As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

61.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

62.  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

63.  Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

64.  All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

11

a.    Not to be deprived of liberty without due process of law;

b.    To be free from unreasonable search and seizure under the Fourth and

      Fourteenth Amendments to the United States Constitution;

c.    To be protected against violations of his civil and constitutional rights;

d.    Not to have cruel and unusual punishment imposed upon him; and

e.    To receive equal protection under the law.


**SIX CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE**
**UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983**

65.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

67. The defendant officers were present on September 6, 2015 at 12 East 132nd Street in New York, NY and in the vicinity of Plaintiff's arrest and witnessed other officers, *inter alia*,

a. Search Plaintiff without cause, and

b. Falsely arrest Plaintiff

68. The search of Plaintiff's person was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet Defendants failed to take any action or make any effort to intervene, halt or protect Plaintiff from the illegal search.

12

69. Defendants' violated Plaintiff's constitutional rights by failing to intervene in the illegal search of Plaintiff, his false arrest or Defendant New York City Detective Raymond Low, Sergeant King, Police Officers John Does and Jane Does clearly unconstitutional use of force that resulted in injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:        New York, New York
              December 14, 2015

                                        Respectfully submitted,

                                        Lance A. Clarke, Esq. (LC0534)
                                        BERNSTEIN & CLARKE, PLLC
                                        *Attorney for Plaintiff*
                                        222 Broadway, 19th Floor
                                        New York, New York 10038
                                        (917) 371-5057